UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| J.T. TAYLOR, | | Case No. 23-11883 |
| | Plaintiff, | |
| v. | | Judith E. Levy |
| | | United States District Judge |
| CHAD SMITH, | | |
| | Defendant. | Curtis Ivy, Jr. |
| _____/ | | United States Magistrate Judge |

**ORDER GRANTING LEAVE TO UPLOAD
MEDIA FILES (ECF No. 19) AND GRANTING MOTION FOR
ALTERNATE SERVICE (ECF No. 26)**

A.     Media File Upload

Defendant moved to compel discovery responses from Plaintiff.  (ECF No. 18).  He concurrently sought leave to upload media files.  (ECF No. 19).  These motions were referred to the undersigned for determination.  (ECF No. 21).  The motion for leave to upload media files is **GRANTED**.  The motion complies with the Court's Electronic Filing Policies and Procedures Rule 19(c).

B.     Alternate Service

Defendant moves for alternate service of a subpoena on non-party Emmanuel Jaz Wilson.  (ECF No. 26).  This motion was referred to the undersigned.  (ECF No. 27).  There has been no opposition to the motion. Defendant states that a process server attempted to serve Wilson on five occasions

at a last known address in Detroit, Michigan, and it attempted service by mail at an

address in North Carolina.

Rule 45(b)(1) provides that "[a]ny person who is at least 18 years old and

not a party may serve a subpoena" and "[s]erving a subpoena requires delivering a

copy to the named person[.]"  The rule expressly requires personal service; "the

rule makes no allowance for service by alternate means." *Powell v. State Farm*

*Fire & Cas. Co.*, 2015 WL 13619425, at *1 (E.D. Mich. Dec. 23, 2015).  But

courts have repeatedly held that Rule 45 allows for service by alternate means

"once the party seeking evidence demonstrates an inability to effectuate service

after a diligent effort." *OceanFirst Bank v. Hartford Fire Ins. Co.*, 794 F. Supp. 2d

752, 754 (E.D. Mich. 2011); *see also Asian Food Serv., Inc. v. Travelers Cas. Ins.*

*Co. of Am.*, 2020 WL 230134, at *1 (E.D. Mich. Jan. 15, 2020) (collecting cases).

Alternate means must be reasonably calculated to insure delivery.  *Id.* (citation

omitted).  "Mailing by first-class mail to the actual address of the intended

recipient generally will suffice, especially when the mailing is accompanied by

posting at the known address of the prospective witness." *Id.* (cleaned up).

Through a public records search, Defendant identified two possible

addresses for Wilson: 15363 Gilchrist St., Detroit, Michigan 48227, and 2017

Stoney Point Ln., Unit 48, Charlotte, North Carolina, 28210.  (ECF No. 26,

PageID.353).  The deposition notice and subpoena and were mailed by regular and

certified mail to Wilson at both addresses.  A signed green card was returned from

the Detroit address, but the signature is illegible.  (*Id.* at PageID.353).  Defendant

also attempted personal service at the Detroit address.  Defendant's process server

made five attempts to do so.  On the first attempt, a woman answered the door

identifying herself as Wilson's aunt; Wilson was not there.  On the second attempt,

the same woman claimed that Wilson did not live there.  No one answered during

later attempts, but the process server saw mail addressed to Wilson.  The server left

a business card at each attempt.  (ECF No. 26-5, PageID.386).

These attempts demonstrate diligent effort to personally serve Wilson at an

address where he resides or at least receives regular mail.  The affidavit also

suggests that Wilson is avoiding personal service.

Defendant proposes alternative means of service reasonably calculated to

achieve actual delivery:

- Mailing the notice and subpoena by regular and certified mail to the Detroit address,

- Mailing both by regular mail to the Charlotte, North Carolina address, and

- Posting both at the Detroit address.

For these reasons, the motion is **GRANTED**.  Aside from mailing and

posting the notice and subpoena, Defendant must include a copy of this Order.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.


Date: December 9, 2024                           s/Curtis Ivy, Jr.
                                                 Curtis Ivy, Jr.
                                                 United States Magistrate Judge