UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J.T. TAYLOR,                                        Case No. 23-11883
                          Plaintiff,

v.                                                  Judith E. Levy
                                                    United States District Judge
CHAD SMITH,
                          Defendant.                Curtis Ivy, Jr.
_____/                 United States Magistrate Judge

**ORDER GRANTING SECOND MOTION FOR ALTERNATE SERVICE
ON NON-PARTY EMMANUEL WILSON (ECF No. 46)**

This matter is before the Court a second time concerning service of
documents on non-party Emmanual Wilson by alternative means.  This issue first
came to the Court during November 2024 when Defendant sought leave to serve its
deposition subpoena on Wilson by (1) posting the subpoena at a residence on
Gilchrist street in Detroit, (2) regular and certified mail to the Gilchrest address
and (3) regular mail to the two last known addresses—Gilchrest and an address for
a residence in Charlotte, North Carolina.  (ECF No. 26).  Defendant adequately
demonstrated that attempts to serve Wilson by mail and through personal service at
the Gilchrest address were unsuccessful.  It appeared that the Gilchrest address was
a valid address for Wilson and that Wilson was avoiding personal service, so the
Court granted the motion and allowed Defendant to serve the deposition subpoena
by alternative means.  (ECF No. 31).

Now, Defendant is before the Court seeking leave to serve its motion for order to show cause against Wilson and the Court's Order requiring Wilson to respond to that motion by the same alternative means.  He moved for an order to show cause against Wilson on January 16, 2025, after Wilson failed to appear for his deposition.  (ECF 39).  The Court ordered Defendant to serve Wilson with a copy of the Court's Order that Wilson respond to Defendant's motion.  (ECF No. 43).  The Court said that Defendant could serve the copies by certified mail, return receipt requested, or by personal service.

Defendant attempted to serve the Order by certified mail to both the Detroit and North Carolina addresses, with delivery restricted to Wilson.  To date, Defendant has not received a signed return receipt.  Defendant also engaged a process server to serve Wilson at the Gilchrest address.  Wilson's grandmother answered the door when the process server knocked; she told him that she hadn't seen Wilson "for a while" and would not accept the documents.  (ECF No. 46-3).

It is apparent that service by the means stated in the Court's Order cannot be completed, and that perhaps Wilson is avoiding service.  Thus, Defendant's motion for alternate service is **GRANTED**.  Defendant proposed to serve Wilson with the Copy of the Court's Order and a copy of his motion by (1) posting at the Gilchrest address, (2) regular and certified mail to the Gilchrest address, and (3) regular mail to the North Carolina address.  The Court has already concluded that these means

2

of alternative service are reasonably calculated to achieve actual delivery.  (ECF No. 31).

The Order that Defendant will serve on Wilson gave Wilson until January 30, 2025, to respond to Defendant's motion for order to show cause.  Since that date has passed, the Court will give Wilson a new deadline.  He must respond in writing to Defendant's motion **by April 11, 2025**.  Failure to respond could result in an Order granting Defendant's motion.

Defendant is directed to serve a copy of its motion, the Court's Order at ECF No. 43, and this Order by the alternate means listed above by March 27, 2025.  Defendant shall file a notice of successful service or of attempts to serve by those means.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in

effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich.

Local Rule 72.2.


Date: March 20, 2025                          s/Curtis Ivy, Jr.
                                              Curtis Ivy, Jr.
                                              United States Magistrate Judge