UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| J.T. TAYLOR, | Case No. 23-11883 |
|                 Plaintiff, | |
| v. | Judith E. Levy |
| | United States District Judge |
| CHAD SMITH, | |
|                 Defendant. | Curtis Ivy, Jr. |
| _____/ | United States Magistrate Judge |

## ORDER FOR EMMANUAL WILSON TO SHOW CAUSE

Plaintiff J.T. Taylor sues Defendant Chad Smith for fabrication of evidence and malicious prosecution in connection with Plaintiff's arrest during May 2017. As part of his defense to this lawsuit, Defendant sought to depose Emmanual Wilson. Defendant believes Wilson was with Plaintiff at the time of his arrest. (ECF No. 26, PageID.350). While incarcerated, Plaintiff mentioned Wilson in telephone calls and emails as a person who could help Plaintiff clear his name. Yet he denied knowing Wilson during his deposition. (ECF No. 39, PageID.591). So Defendant wanted to depose Wilson.

Defendant had difficulty serving the deposition notice and subpoena on Wilson, so he moved for leave to serve the notice by alternate means. (ECF No. 26). Defendant identified two possible home addresses for Wilson: 15363 Gilchrist St, Detroit, MI 48227 and 2017 Stoney Point Ln, Unit 48, Charlotte, North Carolina 28210. (*Id.* at PageID.353). Attempts at personal service at the

Detroit address and mailed service at both addresses did not succeed, so Defendant sought leave to serve Wilson by posting the notice and subpoena at the Detroit address, mailing it by regular and certified mail to the Detroit address, and mailing it by regular mail to the Charlotte address. (*Id.* at PageID.356). Because Defendant showed that personal and mailed service were likely being evaded, the Court granted the motion. (ECF No. 31).

Defendant mailed and posted the deposition notice by those alternative means. The deposition was set for December 27, 2024. (ECF No. 39, PageID.592). Wilson did not appear. Now Defendant moves for an order for Wilson to show cause why he should not be held in contempt for failure to obey the notice of deposition.

On January 23, 2025, the Court ordered Wilson to respond to the motion on or before February 21, 2025. (ECF No. 43). Defendant was directed to serve a copy of the Court's Order on Wilson by personal service or by certified mail, return receipt requested, and delivery restricted to the addressee. Those means of service again did not work for Wilson, so Defendant moved for leave to serve the Order by the same alternative means allowed for the deposition notice. (ECF No. 46). That motion was also granted. (ECF No. 51). Wilson's deadline to respond to the motion for order to show cause was moved to April 11, 2025. Wilson was

warned that failure to respond could result in an order granting the relief requested in the motion.

To date, Wilson has not filed a response to the motion for order to show cause.

Defendant's subpoena was issued in the Eastern District of Michigan. (ECF No. 39-5). The court for the district where compliance is required "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Defendant's motion is **GRANTED**. Wilson is **ORDERED** to show cause, in writing, on or before **June 20, 2025**, why he failed to answer Defendant's subpoena and appear for her deposition. **Failure to timely or adequately respond to this Order to Show Cause may result in an Order holding Wilson in contempt of Court**.

No later than June 9, 2025, Defendant must serve a copy of this Order on Wilson by the alternative means previously allowed for service on Wilson, and file notice either certifying that service was successful or certifying the attempts made to serve Wilson.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as

error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: June 2, 2025                    s/Curtis Ivy, Jr.
                                      Curtis Ivy, Jr.
                                      United States Magistrate Judge